**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Criminal No. 21-cr-589 (TFH)** |
| | : | |
| **JOSEPH IRWIN,** | : | |
| | : | |
| **Defendant.** | : | |

## JOINT MOTION TO CONTINUE AND EXCLUDE TIME
## UNDER THE SPEEDY TRIAL ACT

The United States of America and defendant Joseph Irwin hereby move this Court for an additional 30-day continuance of the April 22, 2022, status hearing scheduled in the above-captioned matter, and further to exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv). In support of its motion, the government states as follows:

- The government previously asked for a 30-day adjournment of the status conference in order to review mitigation materials provided by defense counsel and determine whether it would be seeking felony charges against Joseph Irwin.

- Since that time, the government has determined that it will seek felony charges, and plans to present an indictment to the grand jury on April 27, 2022. In the meantime, the government will present defense counsel with a plea offer to the additional felony charge. The parties therefore believe it is in the interests of justice to adjourn the status conference to give the government time to present the case to the grand jury and defense counsel an opportunity to review and consider the plea offer. In

30 days, the parties expect they will have a better idea about whether the case will be heading for trial or a plea.

- The government is up to date with its discovery obligations.

WHEREFORE, the government respectfully requests that this Court grant a 30-day continuance of the April 22, 2022, status hearing scheduled in the above-captioned matter, and that the Court exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv), for the reasons detailed above.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By:     *s/Amanda Jawad*
        Amanda Jawad
        Assistant United States Attorney, Detailee
        United States Attorney's Office
        211 W. Fort St.
        Detroit, MI 48226
        amanda.jawad@usdoj.gov
        (313) 226-9116

By:     *s/Chastity R. Beyl (with consent)*
        Chastity R. Beyl
        Counsel for Joseph Irwin
        Western Kentucky Federal Community Defender
        629 S. Fourth Street, Suite 200
        Louisville, KY 40202
        chastity_beyl@fd.org
        (502) 584-0525

2