UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | Case No. 21-CR-589 (TFH) |
| | : | |
| **JOSEPH IRWIN,** | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

## DEFENDANT'S MOTION TO WITHDRAW WAIVER OF JURY TRIAL

Comes the Defendant, Joseph Irwin, by counsel, and moves to withdraw his waiver of jury trial filed on November 14, 2022. DN 34. In support of this motion, the Defendant states as follows.

Due to the nature of the offenses and defense in this matter, Mr. Irwin originally chose to waive his right to a jury trial pursuant to Rule 23 of the Federal Rules of Criminal Procedure. *Id.* After further considering his trial strategy and his Sixth Amendment right to a jury trial, Mr. Irwin now requests the Court allow him to withdraw his waiver of a jury trial and proceed to trial before a jury.

Candidly, neither the Supreme Court nor the D.C. Circuit has addressed a criminal defendant's right to withdraw waiver of a jury trial. However, the 6th and 9th Circuits have done so. *See Sinistaj v. Burt,* 66 F.3d 804 (6th Cir. 1995) and *Crosby v. T. Schwartz,* 678 F.3d 784 (9th Cir. 2012), respectively. The 6th Circuit stated "[i]t is possible, of course, at least in theory, that a [trial] court's refusal to permit a defendant to withdraw a previously filed jury trial waiver could amount to an unconstitutional denial of the defendant's Sixth Amendment right to the jury trial." *Sinistaj,* 66 F.3d at 808. As recognized by the trial court in *Sinistaj,* "the right to a jury trial is a high and sacred right, and, thus, the stipulation for the waiver of such right should be strictly

construed in favor of the preservation of that right." *Sinistaj v. Burt,* 860 F.Supp. 1209, 1215 (E.D. Mich. 1994).  With this in mind, 9th and 6th Circuits recognize that the Court has discretion in determining whether a criminal defendant may withdraw his waiver of a jury trial and that it may be withdrawn if it is timely under the facts and circumstances of the case. *Crosby,* 678 F.3d at 791-792, citing *U.S. v. Mortensen,* 860 F.2d 948, 50-51 (9th Cir. 1988) and *Sinistaj,* 860 F.Supp. at 1215.  A timely request occurs if "granting the motion would not unduly interfere with or delay the proceedings."   *Crosby,* 678 F.3d at 792 and *Zemunski v. Kenney,* 984 F.2d 953, 955 (8th Cir. 1993).  Delay is often found when it is substantial or unreasonable. *See U.S. v. Holmen,* 586 F.2d 322 (4th Cir. 1978) (trial court did not abuse its discretion when it denied the defendant's motion to withdraw waiver of jury trial made on the eve of trial after witnesses had traveled a great distance to testify); *Zemunski,* 984 F.2d at 954 (trial court's refusal to allow defendant to withdraw waiver of jury trial upheld where the defendant moved to withdraw the waiver on the first day of trial); *U.S. v. Sadrzadeh,* 440 F.2d 389, 390 (9th Cir. 1971) (motion to withdraw waiver of jury trial after government rested its case was untimely); and *Mortensen,* 860 F.2d at 950 (withdrawal request was untimely when it was made on the morning of trial).

     Mr. Irwin makes this motion with almost 30 days before the date of the bench trial.  The undersigned has consulted with the government and it does not have a position on this motion.  Candidly, this motion may result in a new trial date being assigned, which could result in somewhat of a delay of the trial, but the delay would not be substantial or unreasonable.  The parties have not conducted the final pretrial in this matter;  there is enough time for the government to contact government witnesses to reschedule;[1] the defendant and defense have a sufficient amount of time

---

[1] This is true even if witnesses would be traveling for the trial, which the Defense does not have reason to believe is the case here since the events took place in Washington, D.C.

to re-schedule travel; and because the government takes no position, there is no evidence that a withdrawal would prejudice the prosecution.

Allowing Mr. Irwin to withdraw his waiver of a jury trial would preserve his 6th Amendment rights.  For the reasons cited above, his motion is timely made and will not prejudice the government.  WHEREFORE, Mr. Irwin respectfully requests the Court allow him to withdraw his previous waiver of a jury trial and proceed to trial by jury.

/s/ Chastity R. Beyl
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, Kentucky 40202
(502) 584-0525

Counsel for Defendant.

## CERTIFICATE

I hereby certify that on December 27, 2022, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the attorneys of record.

/s/ Chastity R. Beyl