UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 21-cr-589 (TFH) |
| v. : | |
| : | |
| JOSEPH IRWIN, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S RESPONSE TO
DEFENDANT'S MOTION TO CONTINUE TRIAL**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response to defendant Joseph Irwin's motion to continue trial date for seven months – until August 2023. *See* ECF No. 45. The Court should exercise its discretion to deny this motion.

Judges maintain "a great deal of latitude in scheduling trials," and must weigh a number of factors when a party requests postponement, such as: the reasons for the requested postponement; the length of the requested postponement; whether any postponements have already been granted; and, the effect of further delay on the parties, witnesses, attorneys, and court. *See United States v. Gantt*, 140 F.3d 249, 256 (D.C. Cir. 1998). Here, the Court should deny defendant's last minute request to postpone trial: first, the parties' attorneys are available and ready to proceed to trial; second, this case has already been pending for more than fourteen months; and, finally, were the Court to grant defendant's requested continuance, further scheduling conflicts preclude this case from proceeding to trial for at least another seven months, a significant delay. Moreover, as of Wednesday, January 4, 2023—less than one week ago—trial was scheduled for January 23, 2023, only one week prior to the now-scheduled date. Given the trial preparation work already performed, the witness coordination and scheduling already committed, and the Court's already

1

busy docket for 2023, postponing the trial by seven months or more would require a duplication of an enormous amount of time and resources from the parties, witnesses, and the Court.

Furthermore, defendant's stated reasons for the requested continuance fail under applicable standards. He requests to move this trial for two reasons. First, Irwin states that he cannot arrange childcare during his trial, contending he is a stay-at-home father for his three "minor children."[1] *See* ECF No. 45. Respectfully, this justification for delaying trial seven months does not outweigh the public's interest in a speedy trial, *see* 18 § U.S.C. 3161(h)(7)(A), and is not a factor that courts in this District consider when weighing whether a continuance is justified, *see, e.g., Gantt*, 140 F.3d at 256. Additionally, trial is not set to commence for more than two weeks, leaving ample time for the defendant and his is wife to arrange childcare for their 5, 6, and 15 year old children.

Second, Irwin argues that he is "experiencing financial difficulties to pay for travel and his stay in Washington, D.C." and will need until August to "save money to pay for travel." *Id.* However, less than one week ago, this trial was set to commence on January 23, 2023, and Irwin had not asserted any financial difficulties precluding him from standing trial. Although he claims the trial will be longer than he originally expected due to his choice to withdraw his waiver of a jury trial, this assertion is belied by the case's procedural history: from the case's inception in September 2021 until November 14, 2022—over one year—Irwin anticipated a trial by jury; it was only for just over one month at the end of 2022—form November 14, 2022 until December 27, 2022—that Irwin changed course and waived a jury trial. *See* ECF No. 42. Because Irwin had funds sufficient to travel to D.C. for the events on January 6, 2021, *see* Minute Order, *United States v. Rossman,* No. 22-cr-280 (D.D.C. Oct. 14, 2022) (Howell, J.) (rejecting similar financial strain

---

[1] According to open-source research, Irwin's children are 5, 6, and 15. *See* https://www.givesendgo.com/Joesjan6travelfund.

arguments and noting that the defendant "was able to travel to Washington, D.C. to engage in the very offense conduct that is the subject of these proceedings"), and because Irwin has had from September 2021 until now to save funds for a second D.C. trip to attend his trial, the government respectfully submits his motion for a continuance should be denied.

## CONCLUSION

In summary, the United States initiated this case in August 2021. The attorneys are ready to present the case. The Court has accommodated a trial date on its schedule. We ask that the case proceed as scheduled, with jury selection beginning on January 26, 2023.

Dated: January 10, 2023.

                                       Respectfully submitted,

                                       MATTHEW M. GRAVES
                                       UNITED STATES ATTORNEY
                                       D.C. Bar No. 481052

                                       BY:  /s/
                                       ASHLEY AKERS
                                       Trial Attorney
                                       Capitol Siege Section
                                       MO Bar No. 69601
                                       601 D Street, N.W.
                                       Washington, D.C. 20530
                                       202-353-0521
                                       Ashley.Akers@usdoj.gov