## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | Case No. 21-CR-589 (RDM) |
| | : | |
| **JOSEPH IRWIN,** | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

### DEFENDANT'S SUPPLEMENT TO MOTION TO CONTINUE TRIAL DATE

Comes the Defendant, Joseph Irwin, by counsel, and in supplement to his previously filed Motion to Continue the Trial Date (DN 45), states as follows:

A second Superseding Indictment was brought against Mr. Irwin on January 11, 2023, one (1) day after his initial motion to continue was filed. The new indictment adds two new felony offenses for Entering or Remaining in a Restricted Building with a deadly or dangerous weapon and Disorderly and Disruptive Conduct in a Restricted Building or Grounds with a deadly or dangerous weapon in violation of 18 U.S.C. §§1752(a)(1)(2); (a)(1)(3) and (b)(1)(A). It also adds a misdemeanor charge of Entering and Remaining on the Floor of Congress in violation of 40 U.S.C. §5104(e)(2)(A). In the first Superseding Indictment, Mr. Irwin was charged with one felony offense for Obstruction of an Official Proceeding pursuant to 18 U.S.C. §1512 and four misdemeanors. DN 26. Two of those misdemeanors were the offenses of Entering or Remaining in a Restricted Building and Disorderly and Disruptive Conduct in a Restricted Building or Grounds. *Id.*

The basis for the second Superseding Indictment is Mr. Irwin's purported actions of carrying a flag pole and possessing a broken walking stick in his backpack while on Capitol grounds. In order for the U.S. to prove that Mr. Irwin committed these new offenses, it must show

that those objects are capable of causing serious bodily injury or death to another person **and** the defendant intends that the items were to be used in that matter. Thus, the new charges add additional factual and intent elements to the charges in the first Superseding Indictment. As discussed below, these additions, while not based on new facts, do require potential additional witnesses and trial strategy for the defense.

> The D.C. Circuit has recognized several factors to be weighed by the Court in considering a motion to continue:
>
>> the length of the requested delay; whether other continuances have been requested and granted; the balanced convenience or inconvenience to the litigants, witnesses, counsel, and the court; whether the requested delay is for legitimate reasons, or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; whether the defendant has other competent counsel prepared to try the case, including the consideration of whether the other counsel was retained as lead or associate counsel; [and] whether denying the continuance will result in identifiable prejudice to defendant's case, and if so, whether this prejudice is of a material or substantial nature. *U.S. v. Burton,* 584 F.2d 485, 490-194 (D.C. Cir. 1978).

Taking each of the relevant factors in turn,[1] a continuance is warranted in this matter. Looking first at the length of delay requested. The defense is requesting an August trial date based upon the conflicts in the Court's and counsels' calendars and as suggested by the Court at the end of the previous status hearing. That is, the length of the delay requested is not the amount of time needed to cure the issues cited in the motion to continue, but to accommodate everyone's schedule.

Second, this is the first and only continuance by Mr. Irwin. While the analysis on this factor should end here, the U.S. argues that this case is 14 months old and, thus, it should proceed

---

[1] The undersigned will not address the factor of whether the defendant has other competent counsel prepared to try the case, including the consideration of whether the other counsel was retained as lead or associate counsel, as that is not an issue in here.

as schedule. In counter to this point, the procedural history is important. Although Mr. Irwin was arrested and charged in August of 2021, he was only charged with misdemeanors. *See* Information, DN 9. The parties negotiated on the misdemeanors, but after determining that Mr. Irwin was on the Senate floor, the U.S. brought the first superseding indictment on May 6, 2022 which added the felony charge of obstruction of an official proceeding. DN 26. Once that indictment came down, the defense filed a motion to dismiss the felony offense. DN 30. With the motion pending, no trial date was set. The motion was decided on September 9, 2022, following a hearing on the issue. *See* September 9, 2022 Minute Entry. A status conference was then held on September 19, 2022 at which time a jury trial was set for February 14, 2023. *See* September 20, 2022 Minute Entry. Mr. Irwin waived his right to a jury trial, which was granted and a bench trial was set for January 23, 2023. *See* November 23, 2022 Notice of Hearing entry. This procedural history demonstrates that there has not been significant delay in this case; that Mr. Irwin willingly accepted an earlier bench trial date; and that, as noted above, this is the first request for a continuance.

Third, the balance of the convenience or inconvenience to the litigants, witnesses, counsel, and the court tips in the defendant's favor. The Court, government and most witnesses are located in the D.C. area. Defense counsel, the defendant, and potential defense witnesses will be traveling from another state. As set forth in Mr. Irwin's original motion, the financial and child care issues are significant inconveniences. It should be noted that it is not the travel and childcare itself that are causing the issues, but the limited amount of time in which the defendant must come up with money to travel and stay for a lengthier amount of time than anticipated and to secure child-care on such short notice. To be sure, Mr. Irwin is not making the argument like in the case cited by the U.S. in its response, *U.S. v. Rossman,* 22-cr-280 (D.D.C., Oct. 14, 2022), that he is unable to travel to Washington, D.C.; it's that he cannot travel with the short notice of the new trial date. As

to witnesses, if additional witnesses are needed to defend against the charges in the second Superseding Indictment, it will be difficult to secure their travel and attendance at trial at such a late date. Again, a continuance will cure these issues.

Fourth, Mr. Irwin has set forth in the original and supplement motions legitimate reasons for the continuance. These include personal, financial and now legal reasons for the request.

Fifth, the basis for the continuance in this supplemental filing is the second Superseding Indictment. Mr. Irwin has obviously not contributed to these circumstances.

Lastly, and most importantly, denying the continuance will result in identifiable, material and substantial prejudice to defendant's case. The reasons cited above in relation to the new felony offenses—the need to investigate, interview and vet potential witnesses; research and assess any viable pretrial motions in relation to the newly charged offenses; to consult with and advise the defendant of potential defenses to these new charges; and to partake in potential plea negotiations with the U.S.—are individually and in combination with one another issues that require additional time. Simply put, with the new offenses, additional time is needed to adequately prepare a defense and to adequately represent Mr. Irwin at trial. As such, going forward with the trial as scheduled will create a material and substantial prejudice to Mr. Irwin's case.

Having shown that the factors to be considered by this Court are met with this request to continue, Mr. Irwin respectfully requests the trial date be rescheduled to August of 2023. Continuing the trial date in this matter would cure the issues in both the original motion to continue and the supplement.

/s/ Chastity R. Beyl
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, Kentucky 40202
(502) 584-0525


/s/ Aaron Dyke
Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, Kentucky 40202
(502) 584-0525


Counsel for Defendant.

## CERTIFICATE

I hereby certify that on January 11, 2023, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the attorneys of record.


/s/ Chastity R. Beyl