UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 21-cr-589 (TFH) |
| v. : | |
| : | |
| JOSEPH IRWIN, : | |
| : | |
| Defendant. : | |

GOVERNMENT'S RESPONSE TO COURT ORDER REGARDING
DEFENDANT'S SUPPLEMENTAL MOTION TO CONTINUE TRIAL

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response to the Court's January 11, 2023 Minute Order requiring the government to respond to defendant's Supplemental Motion to Continue Trial. ECF No. 47. For the reasons included in the government's original Response, ECF No. 46, and for the additional reasons stated below, the Court should exercise its discretion to deny defendant's continuance motion.

In addition to the reasons cited in his first motion to continue, ECF No. 45, defendant now seeks a continuance of trial because a second Superseding Indictment was brought against defendant today, on January 11, 2023. He argues that the new charges "add additional factual and intent elements" to the charges in the first Superseding Indictment. ECF No. 47 at 2. As such, defendant contends that he will be "substantially prejudice[d]" if trial were to proceed as scheduled. *Id.* at 4. However, just as the "inconveniences" of travel and childcare, ECF No. 45 at 3, do not warrant a continuance, neither does the return of the second Superseding Indictment.

The second Superseding Indictment adds three charges. First, defendant was originally charged with Entering and Remaining in a Restricted Building or Grounds under 18 U.S.C. § 1752(a)(1). He is now charged with Entering and Remaining in a Restricted Building or Grounds

1

*with a deadly or dangerous weapon*. 18 U.S.C. § 1752(a)(1) and (b)(1)(A). Second, defendant was originally charged with Disorderly and Disruptive Conduct in a Restricted Building or Grounds under 18 U.S.C. § 1752(a)(2). He is now charged with Disorderly and Disruptive Conduct in a Restricted Building or Grounds *with a deadly or dangerous weapon*. 18 U.S.C. § 1752(a)(1) and (b)(1)(A). These two felony charges are those relating to the defendant carrying a deadly or dangerous weapon, that is, a metal-tipped flagpole and a spear-shaped wood stick. *See* ECF No. 48 at 2-3. Third, defendant is now charged with Entering and Remaining on the Floor of Congress. 40 U.S.C. § 5104(e)(2)(A).

Defendant concedes that the second Superseding Indictment relies on no new evidence. ECF No. 47 at 2. The additional facts necessary to prove these three new counts include defendant's presence on the Senate floor, 40 U.S.C. § 5104(e)(2)(A), and his presence in a restricted building or grounds with a deadly or dangerous weapon, *i.e.*, a metal-tipped flagpole or a spear-shaped wood stick, 18 U.S.C. §§ 1752(a)(1), (2) and (b)(1)(A). The defendant and defense counsel have long-been aware of the factual predicate to these charges. In fact, the evidence comes from defendant's own cell phone, which was produced to defense in October 2021. This evidence includes photographs and video from January 6, 2021 that the defendant, himself, captured and stored on his phone. For example, one photograph found on the defendant's phone shows him sitting at a Senator's desk on the Senate floor while clearly brandishing a metal-tipped flagpole, which he displays tip-up when posing for the photograph:



Similarly, a "selfie" video obtained from defendant's phone, which defendant took while marching around the Senate floor, also clearly shows him brandishing the same metal-tipped flagpole and, at times, shows the wooden stick in his backpack. As shown in the screen grabs below, the 36 second-long video captures, among other things, the defendant nodding his head while walking towards the Senate Dais, yelling, "THIS IS OURS, THIS IS OURS RIGHT HERE, THIS IS OUR HOUSE," then turning around, facing forward and yelling, "THIS IS WHAT YOU DO WHEN YOU TAKE IT," while slamming the tip-up flagpole into the floor. The video continues with defendant yelling, "DON'T GIVE IT BACK TO 'EM NOW!," and finishes with defendant chanting, in a call-and-response fashion, "OUR HOUSE," as he continues to walk around the Senate floor, waving the flagpole and slamming it, metal tip-up, into the floor.











Thus, to contend that it would cause defendant substantial prejudice to proceed to trial based on the return of the second Superseding Indictment which charges conduct that has been known to defense since defendant's cell phone was produced in October 2021, is incredible.

Moreover, defense cites the newly added "intent elements" to justify a continuance. *See* ECF No. 47 at 1-2 ("In order for the U.S. to prove that Mr. Irwin committed these new offenses, it must show that those objects are capable of causing serious bodily injury or death to another person **and** the defendant intends that the items were to be used in that matter."). As an initial matter, the government need not prove intent in the manner described. As recited in final jury

5

instructions in numerous January 6 cases involving charges including a "deadly or dangerous weapon," the definition is as follows:

> An object may be considered a "deadly or dangerous weapon" *for one of two reasons*. First, an object is a deadly or dangerous weapon if it is inherently or obviously dangerous or deadly. Second, an object is a deadly or dangerous weapon if the object is capable of causing serious bodily injury or death to another person and the defendant carried it with the intent that it be used in a manner capable of causing serious bodily injury or death. The defendant need not have actually used the object in that manner.

*See, e.g.*, Final Jury Instructions, ECF No. 97 at 36, *United States v. Jensen*, 21-cr-6 (TJK) (September 23, 2022) (emphasis added); Final Jury Instructions, ECF No. 171 at 26, *United States v. Schwartz*, 21-cr-178 (APM) (December 7, 2022). Thus, either object could be considered a "deadly or dangerous weapon," without regard to intent, if the jury finds it is "inherently or obviously dangerous or deadly." Intent becomes relevant only on the second definition. And there, the intent element relates to that of the defendant himself. *See id.* (". . . the defendant carried it with the intent that it be used in a manner capable of causing serious bodily injury or death."). Although this element provides a greater burden on the government, it is difficult to conceive how this added element could justify a continuance of the trial.

In addition to the "added factual and intent elements," which do not warrant a continuance, defense also seeks a continuance on the basis that additional time is required to "investigate, interview and vet potential witnesses; research and assess any viable pretrial motions in relation to the newly charged offenses; to consult with and advise the defendant of potential defenses to these new charges; and to partake in potential plea negotiations with the U.S." ECF No. 47 at 4. These reasons similarly do not warrant a continuance of the trial, which is not scheduled to start for more than two weeks. Although "broad discretion must be granted trial courts on matters of continuances[,]" "[n]ot every restriction on counsel's time or opportunity to investigate or to

consult with his client or otherwise to prepare for trial violates" a defendant's rights. *See Morris v. Slappy*, 461 U.S. 1, 11 (1983). A district court's "discretion is not boundless. The judge must consider the justifications offered by the party seeking a continuance, balancing them against the judicial system's interest in expeditious proceedings." *See United States v. Poston*, 902 F.2d 90, 96 (D.C. Cir. 1990). And, as a matter of statutory construction, the Speedy Trial Act "clearly fixes the beginning point for the trial preparation period as the first appearance through counsel. It does not refer to the date of the indictment, much less to the date of any superseding indictment." *See United States v. Rojas-Contreras*, 474 U.S. 231, 234 (1985).

Here, defendant has had the same, capable defense counsel for more than sixteen months, since August 25, 2021. *See* ECF No. 6. As shown above, the evidence to support the newly added charges – Mr. Irwin's photos and video – is largely identical to the evidence to support the charges in the prior indictment, and defense has had that evidence since October 2021. Additionally, defense counsel has nearly three weeks to perform the diligence of the additional preparation cited in the supplemental motion. Finding and preparing potential witnesses does not take an extraordinary amount of time, nor does booking a flight to Washington, D.C. Moreover, to the extent that defense counsel needs extra time to file pretrial motions related to the new charges, the government does not contest an extension of time beyond the current motions deadline, and there is ample time to file and resolve any pretrial motions for a trial that is not set to commence with testimony until January 30, 2023. And, as explained in our prior response motion, until one week ago, trial in this case was scheduled even earlier in January and thus the thrust of the trial preparation work has presumably been complete. The preparation detailed in defense's motion could reasonably be accomplished in the time before trial.

Defense also requests a continuance on the basis that the new charges warrant additional time to "partake in potential plea negotiations with the U.S." ECF No. 47 at 4. At this juncture, the government has offered and defendant has twice declined formal plea offers. The government has spent significant time preparing for trial and there is not a third offer authorized or pending, so this justification certainly does not warrant a continuance.

As noted in the government's original response, the defendant's other justifications for a continuance fail under applicable standards: childcare arrangements and finances are not factors that courts in this District consider when weighing whether a continuance is justified. *See, e.g.*, *Gantt*, 140 F.3d at 256; *see* 18 § U.S.C. 3161(h)(7)(A). Any additional delay, particularly one of seven or more months, weighs against the public's interest in a speedy trial. Therefore, the government respectfully submits defendant's motion for a continuance should be denied. *See* 18 § U.S.C. 3161(h)(7)(A).

## **CONCLUSION**

In summary, the United States initiated this case in August 2021. All of the facts required to prepare a defense against the charged counts have been made available to defense since at least October 2021. The Court has accommodated a trial date on its schedule. The attorneys were prepared to proceed to trial on January 23, 2023, and any additional effort can reasonably be concluded before the trial scheduled on January 30, 2023. Therefore, we respectfully request that the case proceed as scheduled.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

BY:   /s/ *Ashley Akers*
ASHLEY AKERS

Trial Attorney, Department of Justice
Detailee, Capitol Siege Section
MO Bar No. 69601
601 D Street, N.W.
Washington, D.C. 20530
202-353-0521
Ashley.Akers@usdoj.gov

　*/s/ Samantha R. Miller*　
SAMANTHA R. MILLER
Assistant United States Attorney
New York Bar No. 5342175
United States Attorney's Office
For the District of Columbia
601 D Street, NW 20530
Samantha.Miller@usdoj.gov

9