UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 21-cr-589-RDM |
| | : | |
| JOSEPH IRWIN AND | : | |
| JOHN JOSEPH RICHTER, | : | |
| | : | |
| **Defendants.** | : | |

## DEFENDANTS' JOINT TRIAL BRIEF

John Joseph Richter, through undersigned counsel Matthew Campbell, Federal Public Defender for the District of the Virgin Islands, and Joseph Irwin, through undersigned counsel Chastity Beyl and Aaron Dyke, Federal Public Defenders for the Western District of Kentucky, hereby submit this trial brief in compliance with the Court's Order of January 4, 2023.

**Count 1—Obstruction of an Official Proceeding (18 U.S.C. §1512(c)(2))**

One commits the offense of Obstruction of an Official Proceeding, as set forth in section 1512(c) of Title 18 of the United States Code, when that individual "corruptly . . . obstructs, influences, or impedes any official proceeding, or attempts to do so."

Mr. Irwin previously moved to dismiss Count 1 (ECF No. 30), and the Court orally denied that motion on September 9, 2022.[1] Mr. Richter filed a motion to dismiss Count 1 (ECF No. 69), which the government opposed (ECF No. 76), and which remains pending.[2] Mr. Richter maintains that his motion should be granted and Count 1 should be dismissed.

---

[1] After the Court's ruling, the District of Columbia Circuit Court of Appeals issued its highly fractured decision in *United States v. Fischer*, 64.F4th 329 (D.C. Cir. 2023).

[2] The Supreme Court subsequently granted *certiorari* for review of the Court of Appeals decision in *Fischer*, and that grant formed the basis of the joint motion to continue this case pending the Supreme Court resolution of *Fischer*. (*See generally* ECF No. 86).

1

According to *Fischer*, congressional certification of the Electoral College count is an "official proceeding." *Fischer*, 64 F.4th at 342. The majority opinion however declines to define 'corruptly.' Id. at 341 ("It is more prudent to delay addressing the meaning of 'corrupt' intent until that issue is properly presented to the court."). The concurrence laments the failure to define 'corruptly' for purposes of section 1512(c). Circuit Judge Katsas opines 'corruptly' "requires a defendant to act 'with an intent to procure an unlawful benefit either for himself or for some other person.' *Marinello v. United States*, ––– U.S. –––, 138 S. Ct. 1101, 1114, 200 L.Ed.2d 356 (2018) (Thomas, J., dissenting) (cleaned up). The defendant must 'not only kn[ow] he was obtaining an 'unlawful benefit,'" it must also be "his "objective" or "purpose." Id.' *Fischer*, 64 F.4th at 352 (Katsas, J., concurring). Without waiving any objections to Count 1, it is respectfully submitted Circuit Judge Katsas's definition of 'corruptly' is required for the present proceeding.

As previously set forth in defendants' joint proposed jury instructions, the elements of Count 1 are:

> First, that the Defendants attempted to or did obstruct, influence, or impede an official proceeding;
>
> Second, that the Defendants acted with the intent to obstruct, influence or impede an official proceeding;
>
> Third, that the Defendants acted knowingly with the awareness that the natural and probable effect of his conduct would be to obstruct, influence or impede an official proceeding, that is, there is a nexus between the Defendants' conduct and the official proceeding; and
>
> Fourth, the Defendants acted corruptly.

(*See* ECF No. 82 at 2).

The term "official proceeding" includes a proceeding before the congress. The official proceeding need not be pending or about to be instituted at the time of the offense. If the official proceeding was not pending or about to be instituted, the government must prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to the Defendants.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct and does not act through ignorance, mistake, or accident. In deciding whether the defendants knowingly obstructed an official proceeding, you may consider all of the evidence, including what the defendants did or said.

For a nexus between the Defendants' conduct and the official proceeding to exist, the act must have a relationship in time, causation or logic with the proceeding.

To act corruptly means the defendants must use unlawful means or act with an unlawful purpose or both. The Defendants must also act with consciousness of wrongdoing. Consciousness of wrongdoing means with an understanding or awareness that what the person is doing is wrong.

Not all attempts to obstruct or impede an official proceeding involve acting corruptly. For example, a witness in a court proceeding may refuse to testify by invoking his constitutional privilege against self-incrimination, thereby obstructing or impeding the proceeding, but he does not act corruptly. In contrast, an individual who obstructs or impedes a court proceeding by bribing a witness to refuse to testify in that proceeding, or by engaging in other independently unlawful conduct, does act corruptly. (*See* ECF No. 82 at 3-4).

**Counts 2 and 3—Entering and Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon (18 U.S.C. §1752(a)(1), (b)(1)(A))**

One commits the offense of entering and remaining in a restricted building or grounds with a deadly or dangerous weapon, as set forth in section 1752(a)(1), (b)(1)(A) of Title 18 of the United States Code, when that individual "knowingly enters or remains in any restricted building or grounds

without lawful authority to do so." The Government seeks an enhanced statutory maximum pursuant to subsection (b)(1)(A), which requires proof "the person, during and in relation to the offense, uses or carries a deadly or dangerous weapon or firearm," specifically a flagpole and a broken wooden stick.[3]

Mr. Richter filed a motion to dismiss Counts 3 and 5, based on arguments that the deadly or dangerous weapon provision is unconstitutionally vague. (ECF No. 65). Mr. Irwin joined in that motion as applied to Counts 2 and 4. (ECF No. 68). The government opposed that motion. (ECF No. 70). Mr. Richter filed a reply. (ECF No. 77). That motion remains pending.

Mr. Richter filed a motion to dismiss Counts 3 and 5, based on arguments that the only the Secret Service can restrict grounds under the statute, the Vice President was not temporarily visiting the Capitol since he has an office there, the statute violates the non-delegation doctrine, the statute is unconstitutionally vague, infringes on protected speech and is an unconstitutional content-based restriction. (ECF No. 71). Mr. Irwin joined in that motion as applied to Counts 2 and 4. (ECF No. 72). The government opposed that motion. (ECF No. 75). That motion remains pending.

Mr. Richter maintains that the pending motion should be granted and the relevant counts should be dismissed.

As previously set forth in defendants' joint proposed jury instructions, the elements of Counts 2 and 3 are:

First, that the Defendant entered or remained in a restricted building without lawful authority to do so;

Second, that the Defendant did so knowingly; and

---

[3] Per the Third Superseding Indictment, Defendant Richter is charged only with possessing a flag pole. Defendant Irwin is charged with possessing a flagpole and spear-shaped wood stick.

4

> Third, that the defendant carried a deadly or dangerous weapon during and in relation to the offense.

(ECF No. 82 at 7).

The following elements apply to Entering and Remaining in a Restricted Building—the lesser included offense that does not include the deadly or dangerous weapon element:

> First, that the defendant entered or remained in a restricted building without lawful authority to do so; and
>
> Second, that the defendant did so knowingly.

(ECF No. 82 at 7).

The term "restricted grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting.

The term "knowingly" has the same meaning described in instructions for Count One.

A person who enters a restricted building with a good faith belief that he is entering with lawful authority is not guilty of this offense.

The last element the government must prove beyond a reasonable doubt is that the defendant carried a deadly or dangerous weapon during and in relation to the offense. Whether the objects specified in the Indictment, that is, a metal-tipped flagpole and a broken wood stick, is a deadly or dangerous weapon depends on the facts of the particular case. An object is a deadly or dangerous weapon if the object is capable of causing serious bodily injury or death to another person and the defendant carried it with the intent to use it in a manner capable of causing serious injury or death.

**Counts 4 and 5—Disorderly and Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon (18 U.S.C. §1752(a)(2), (b)(1)(A))**

One commits the offense of disorderly and disruptive conduct in a restricted building or grounds with a deadly or dangerous weapon, as set forth in section 1752(a)(2), (b)(1)(A) of Title 18 of the United States Code, when that individual "knowingly, and with intent to impede or disrupt the orderly conduct of Government business or official functions, engages in disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds when, or so that, such conduct, in fact, impedes or disrupts the orderly conduct of Government business or official functions." The Government seeks an enhanced statutory maximum pursuant to subsection (b)(1)(A), which requires proof "the person, during and in relation to the offense, uses or carries a deadly or dangerous weapon or firearm," specifically a flagpole.

Mr. Richter filed a motion to dismiss Counts 3 and 5, based on arguments that the deadly or dangerous weapon provision is unconstitutionally vague. (ECF No. 65). Mr. Irwin joined in that motion as applied to Counts 2 and 4. (ECF No. 68). The government opposed that motion. (ECF No. 70). Mr. Richter filed a reply. (ECF No. 77). That motion remains pending.

Mr. Richter filed a motion to dismiss Counts 3 and 5, based on arguments that the only the Secret Service can restrict grounds under the statute, the Vice President was not temporarily visiting the Capitol since he has an office there, the statute violates the non-delegation doctrine, the statute is unconstitutionally vague, infringes on protected speech and is an unconstitutional content-based restriction. (ECF No. 71). Mr. Irwin joined in that motion as applied to Counts 2 and 4. (ECF No. 72). The government opposed that motion. (ECF No. 75). That motion remains pending.

Mr. Richter maintains that the pending motions should be granted and the relevant counts should be dismissed.

6

As previously set forth in defendants' joint proposed jury instructions, the elements of Counts 4 and 5 are:

> First, that the Defendant engaged in disorderly and disruptive conduct in, or in proximity to, any restricted building or grounds;
>
> Second, that the Defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions;
>
> Third, that the Defendant's conduct in fact impeded or disrupted the orderly conduct of Government business or official functions; and
>
> Fourth, that the Defendant carried a deadly or dangerous weapon during and in relation to the offense.

(ECF No. 82 at 10).

The following elements apply to Disorderly or Disruptive Conduct in a Restricted Building—the lesser included offense that does not include the deadly or dangerous weapon element:

> First, that the Defendant engaged in disorderly and disruptive conduct in, or in proximity to, any restricted building or grounds;
>
> Second, that the Defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions; and
>
> Third, that the Defendant's conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

(ECF No. 82 at 11).

The term "disorderly conduct" occurs when a person is unreasonably loud and disruptive under the circumstances, or interferes with another person by jostling against or unnecessarily crowding that person.

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.

The term "restricted grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting.

The term "knowingly" has the same meaning described in instructions for Count One.

A person who enters a restricted building with a good faith belief that he is entering with lawful authority is not guilty of this offense.

The last element the government must prove beyond a reasonable doubt is that the defendant carried a deadly or dangerous weapon during and in relation to the offense. Whether the objects specified in the Indictment, that is, a flagpole or a broken wood stick, is a deadly or dangerous weapon depends on the facts of the particular case. An object is a deadly or dangerous weapon if the object is capable of causing serious bodily injury or death to another person and the defendant carried it with the intent to use it in a manner capable of causing serious injury or death. (ECF No. 82 at 8-9).

**Count 6—Entering and Remaining on the Floor of Congress (40 U.S.C. §5104(e)(2)(A))**

The elements of this offense are:

First, that the Defendants entered or remained on the floor of a House of Congress without authorization to do so; and

Second, that the Defendants acted willfully and knowingly.

8

A person acts "willfully" if he acts with the intent to do something that the law forbids, that is, to disobey or disregard the law. "Willfully" does not, however, require proof that the defendant be aware of the specific law or rule that his conduct may be violating. (ECF No. 82 at 13).

**Count 7—Disorderly Conduct in a Capitol Building (40 U.S.C. §5104(e)(2)(D))**

The elements of this offense are:

First, that the Defendants engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings;

Second, that the Defendants did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress; and

Third, that the Defendants acted willfully and knowingly.

The term "disorderly or disruptive conduct" has the same meaning as described in the instructions for Count Four. The term "willfully" has the same meaning as described in the instructions to Count Six. The term "knowingly" has the same meaning as that described in the instructions in Count One. (ECF No. 82 at 14).

**Count 8—Parading, Demonstrating or Picketing in a Capitol Building (40 U.S.C. §5104(e)(2)(G))**

The elements of this offense are:

First, that the Defendants paraded, demonstrated, or picketed in any of the United States Capitol Buildings; and

Second, that the Defendants acted willfully and knowingly.

The terms "parade" and "picket" have their ordinary meanings. The term "demonstrate" refers to conduct that would disrupt the orderly business of Congress by, for example, impeding or obstructing passageways, hearings or meetings, but does not include activities such as quiet praying, or wearing t-shirts, buttons or other similar articles of apparel conveying a message. The terms

9

"United States Capitol Buildings," "knowingly," and "willfully" have the same meanings as described in Counts One and Seven. (ECF No. 82 at 15).

**Defense Witnesses**

Both defendants previously filed witness lists (ECF Nos. 79, 80), which have been disclosed to the government. Final decisions regarding what witnesses to call, if any, will be made at the conclusion of the government's case.

**Stipulations**

The parties are in the process of finalizing proposed stipulations. Those stipulations will be filed with the Court once they are complete.

DATED: January 17, 2024                    Respectfully submitted,


                                            MATTHEW CAMPBELL
                                            Federal Public Defender
                                            *s/ Matthew Campbell*
                                            Office of the Federal Public Defender
                                            1336 Beltjen Rd., Suite 202
                                            St. Thomas, USVI 00802
                                            Tel: (340) 774-4449
                                            Email: Matt_Campbell@fd.org
                                            Counsel for Defendant John Joseph Richter

                                            /s/ Chastity R. Beyl
                                            Federal Defender
                                            200 Theatre Building
                                            629 Fourth Avenue
                                            Louisville, Kentucky 40202
                                            (502) 584-0525

                                            /s/ Aaron Dyke
                                            Federal Defender
                                            200 Theatre Building
                                            629 Fourth Avenue
                                            Louisville, Kentucky 40202
                                            (502) 584-0525
                                            Counsel for Defendant Joseph Irwin.

## CERTIFICATE

I certify that on the 17th day of January, 2024, a copy of the foregoing motion was served on the United States by electronically filing, to Ashley Akers and Samantha Miller, Assistant United States Attorneys.


s/ Matthew Campbell