**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **Criminal No. 21-cr-589 (RDM)** |
| | : | |
| **JOSEPH IRWIN and** | : | |
| **JOHN JOSEPH RICHTER,** | : | |
| | : | |
| **Defendants.** | : | |

**GOVERNMENT'S RESPONSE TO THE DEFENDANTS' MOTIONS TO EXCLUDE**

The United States of America, by and through its attorney, the United States Attorney for

the District of Columbia, hereby submits this response to the defendants' March 1, 2024 motions

to exclude the testimony of the government's rebuttal witness, Dr. Galit Askenazi.  *See* ECF 122

(Irwin's motion to exclude Dr. Askenazi's testimony); ECF 123 (Richter's motion to exclude Dr.

Askenazi's testimony in part).  As noted in the government's expert disclosure, ECF 111, Dr.

Askenazi is a distinguished board-certified clinical neuropsychologist and forensic psychologist

who has extensive experience assessing the cognitive and psychosocial functioning of patients

with cognitive impairment and/or psychological disorders, including individuals with brain

injuries.  Dr. Askenazi has also testified before numerous courts as a neuropsychological expert,

including testifying as a rebuttal expert in another January 6 case.  *See United States v. William*

*Isaacs*, 21-cr-28-16 (APM).

To start, the defendants do not argue that Dr. Askeanzi is unqualified to offer her expert

opinion, or that her opinion is not relevant.  Instead, the defendants' make identical arguments that

Dr. Askenazi somehow may have violated American Psychological Association (APA) Principles

and Ethics codes by not interviewing the defendants before issuing her rebuttal report, so her

testimony and reports should be excluded.  *See generally*, ECF 122 at 1-4, 6-9; ECF 123 at 1-3, 8-10.

Such charges of potential malfeasance are reckless and have nothing to do with the Federal Rules of Evidence.  While the defendants cite no precedent or Rules of Evidence supporting the proposition that a possible violation of an independent organization's guidelines somehow precludes an expert's testimony, Dr. Askenazi did violate the APA's principles or ethics rules.  As the defendants themselves note, the APA provides guidance for "[w]hen psychologists conduct a records review . . . and an individual examination is not warranted or necessary for the opinion,"[1] which obviously implies that in-person interviews are not required for all assessments.  This makes sense in the context of a *rebuttal* report, such as Dr. Askenazi's, which is reliant on and designed to critique the opposing parties' methodology and findings.  *See United States v. Philip Morris USA Inc.*, 2022 WL 1101730, at *5 (D.D.C. Apr. 13, 2022) (explaining the purpose of a rebuttal expert is to explain, repel, counteract, or disprove evidence of the adverse party).  Moreover, Dr. Askenazi disclosed and described the sources she reviewed for her report and opinion, what those

---

[1] American Psychological Association, *Ethical Principles of Psychologists and Code of Conduct Section 9.01, Bases for Assessments* (last accessed March 1, 2023), available at https://www.apa.org/ethics/code/ethics-code-2017.pdf; *see also* American Psychological Association, *Specialty Guidelines for Forensic Psychology Section 9.03, Opinions Regarding Persons Not Examined* (last accessed March 1, 2023), available at https://www.apa.org/practice/guidelines/forensic-psychology ("Forensic practitioners recognize their obligations to only provide written or oral evidence about the psychological characteristics of particular individuals when they have sufficient information or data to form an adequate foundation for those opinions or to substantiate their findings (EPPCC Standard 9.01).  Forensic practitioners seek to make reasonable efforts to obtain such information or data, and they document their efforts to obtain it.  When it is not possible or feasible to examine individuals about whom they are offering an opinion, forensic practitioners strive to make clear the impact of such limitations on the reliability and validity of their professional products, opinions, or testimony.  When conducting a record review or providing consultation or supervision that does not warrant an individual examination, forensic practitioners seek to identify the sources of information on which they are basing their opinions and recommendations, including any substantial limitations to their opinions and recommendations.").

sources stated, the reasons she discounted or accepted them, what evidence and experience formed the basis for her opinions, and how she reached those opinions. *See* ECF 120, Attachment A and Attachment B at 1-20, 23-24.  As such, Dr. Akskenazi's methodology and application of the facts satisfy Federal Rule of Evidence 702, so even assuming *arguendo* that Dr. Askenazi's reports may be stronger if she had interviewed Irwin and Richter, that goes to the weight the Court should attach to Dr. Askenazi's opinions, not their admissibility.  *See Sherrod v. McHugh*, 334 F. Supp. 3d 219, 273 (D.D.C. 2018) (Once a proponent makes "the requisite threshold showing [of admissibility]; further disputes go to weight, not admissibility.").

Outside of his reliance on selective quotations from the APA's Principles, Irwin's only other argument is to compare Dr. Akenazi's rebuttal report to an expert excluded in a civil case who only "reviewed the administrative record, nine online sources and one additional document in this case in order to reach three conclusions." *Chesapeake Climate Action Network v. Exp.-Imp. Bank of the United States*, 78 F. Supp. 3d 208, 218 (D.D.C. 2015).  Here though, Dr. Askenazi identified her methodology and reviewed all of Irwin's medical records, Dr Houchin's examination notes, and his report, in addition to the underlying exhibits and litigation materials in this case. ECF 120 Attachment A.  And, of course, Dr. Askenazi is issuing a rebuttal report based on Irwin's materials.  In the end, what Irwin's argument boils down to is that Dr. Askenazi's testimony should be excluded because she does not agree with Dr. Houchin, which is no argument at all.  ECF No. 122 at 10-12.

Richter solely bases his argument on Dr. Askenazi not interviewing him before drafting her report.  Richter also concedes that "Dr. Askenazi's observations regarding what is contained in the records and evidence would appear admissible. Dr. Askenazi's observations and criticisms

of the 2009 neuropsychological report, as well as Dr. Ouaou's 2024 neuropsychological report, would similarly appear admissible."  ECF No. 123 at 9.

In summary, Dr. Ashkenazi's reports are based on sufficient facts or data, use reliable principles and forensic neuropsychological methods, and apply those principles and methods to the facts of the case in a manner that will help the Court understand the psychological evidence at issue.  As such, Dr. Ashkenazi's reports and testimony are admissible in full.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

BY:    /s/   *Ashley Akers*
ASHLEY AKERS
Trial Attorney
Capitol Siege Section
MO Bar No. 69601
601 D Street, N.W.
Washington, D.C. 20530
202-353-0521
Ashley.Akers@usdoj.gov

SAMANTHA R. MILLER
MATTHEW VIGEANT
Assistant United States Attorneys