UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(Filed Electronically)

CRIMINAL ACTION NO.  1:21-CR-589
UNITED STATES OF AMERICA,                                                            PLAINTIFF,

vs.

JOSEPH IRWIN and
JOHN JOSEPH RICHTER,                                                                   DEFENDANT.

### DEFENDANTS' MOTION FOR VIDEO APPEARANCE
### FOR BENCH TRIAL VERDICT

Comes the Defendant, Joseph Irwin (hereinafter "Mr. Irwin,") and John Richter (hereinafter "Mr. Richter"), each by counsel, and in support of their Motion for Video Appearance for Bench Trial Verdict provides as follows:

**I.      RELEVANT FACTS**

A bench trial in this matter began on January 22, 2024.  It lasted for 3 days and then was continued, following arguments by counsel concerning a series of exhibits, to March 11, 2024.  The remainder of the bench trial occurred from March 11, 2024 to March 15, 2024.  Ultimately, the bench trial lasted 8 days.  Mr. Irwin and Mr. Richter were present in person for all days of the trial.

Both Mr. Irwin and Mr. Richter are on no-fly lists due to the instant offenses.  Because of that, both individuals must drive to Court in Washington, D.C. for all appearances.  Mr. Irwin travels roughly 10 hours from Kentucky and Mr. Richter travels roughly 19 hours from Florida.  In addition to the travel time, the defendants have incurred considerable expense for lodging during

1

the bench trial. Mr. Irwin, who is on a limited income due to his disability and receipt of benefits, and his wife, who is an elementary school teacher, have incurred over $5,000 in expenses to attend the bench trial of this matter. Due to the travel time and attendance in Court, Mrs. Irwin has lost time from work. Mr. Richter has incurred almost $4,000 in hotel expenses and approximately $2,000 for auto rentals. Mr. Richter is also on a limited income due to disability and receipt of benefits. Mr. Richter's wife works as a server at a steakhouse and earns a modest income.

Mr. Irwin has 3 minor children that need to be cared for in his and his wife's absence. Childcare has been difficult to arrange the last 2 times they were in Washington, D.C. for the bench trial. They are currently attempting to make arrangements again.

Due to the expense and time associated with travel and lodging, as well as, issues with childcare for the proceedings in this matter, the Defendants respectfully request the Court allow them and their counsel to appear via video for the reading of the bench trial verdict. Candidly, Federal Rule of Criminal Procedure ("FRCrP") 43 requires a defendant's presence for every trial stage, including return of the verdict. FRCrP 43(a)(2). When Rule 43 was adopted in 1944, it codified federal common law principles, including the general principle that a criminal defendant should not be able to halt the administration of justice by fleeing after the start of a non-capital trial that began in his presence. See FRCrP 43 advisory committee's note to 1944 adoption, citing *Diaz v. United States*, 223 U.S. 442, 455, (1912) (noting that persons in custody historically could not waive right to presence in felony trials, but that an accused not in custody who flees after trial commences in his presence has validly waived right to presence at any remaining proceedings). With this understanding in mind, video appearance would not circumvent the purpose of this rule as it would not halt the administration of justice. Rather, it would allow the verdict to be read on the date currently anticipated by all parties.

2

Video conferencing would provide all the safeguards necessary with the reading of the verdict. The 7th Circuit recently examined the use of video conferencing at a similar stage in the criminal proceedings—sentencing—under the CARES Act. In *U.S. v. Navarrette,* 88 F.4th 672 (7th Cir. 2023), the defendant claimed he was entitled to be re-sentenced because he did not appear personally in court for sentencing and did not waive his presence to do so. His sentencing occurred via video pursuant to the CARES Act. *Id.* The Court rejected the defendant's argument, finding:

> A defendant appearing via video is not being sentenced *in absentia* (a possibility that Rule 43(a) is designed to block). Defendant, counsel, and judge see one another and can converse…[the Defendant] could make allocution, and his counsel could present arguments in mitigation…[the Defendant] thus enjoyed the "substantial" part of the entitlement secured by Rule 43(a). *Id.* at 674.

Similarly, the 7th and 11th circuits have examined what constitutes a defendant's presence for the purpose of interpreting "initially present at trial" pursuant FRCrP 43(c)(1). These circuits have found that presence under FRCrP 43 does not mean "in a courtroom." *U.S. v. v. Shanks,* 962 F.3d 317 (7th Cir. 2020)(defendant was initially present at trial when Judge, along with defendant's attorney and a court reporter, went to the jail to question the defendant about his appearance in court; defendant's trial started at the jail); *U.S. v. Sterling,* 738 F.3d 228, 236 (11th Cir. 2013)(defendant was initially present for trial when Judge met with him in an interview room after defendant refused to come to court). Applying the reasoning of the 7th and 11th Circuits, appearance via video constitutes presence under FRCrP 43. For these reasons, allowing the Defendants to attend the reading of the verdict via video would comply with FRCrP 43.

Should the Court find, however, that video appearance does not meet the criteria of FRCrP 43, the Defendants may waive their right to be present. A waiver of a statutory right in criminal cases must be "the product of a free and deliberate choice rather than intimidation, coercion, or

3

deception, and made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *Berghuis v. Thompkins,* 560 U.S. 370, 382-83 (2010); *see also U.S. v. Howell,* 24 F.4th 1138, 1143 (7th Cir. 2022)(defendant's consent to be sentenced via videoconference under the CARES Act "must be knowing and voluntary like other waivers of the right to presence protected by Rule 43(a)").

Further, FRCrP 43 is premised on the defendant's right to be present during a criminal trial as guaranteed by the United States Constitution. "One of the most basic of the rights guaranteed by the confrontation clause is the accused's right to be present in the courtroom at every stage of his trial." *Illinois v. Allen,* 397 U.S. 337, 338, 90 S.Ct. 1057, 1058, 25 L.Ed.2d 353 (1970). This right extends not only to the confrontation of witnesses or other evidence against a defendant in a felony prosecution, but also to "all critical stages of the trial." *Diaz,* 223 U.S. at 456; *see also Valdez v. United States,* 244 U.S. 432, 454, 37 S.Ct. 725, 732 (1917). These "critical stages" include the arraignment, the entry of any plea, the impaneling of the jury, the return of the verdict, and the imposition of sentence. *See Fillippon v. Albion Vein Slate Co.,* 250 U.S. 76, 81, (1919) (explaining that the right to be present extends "from the time the jury is impaneled until it is discharged after rendering the verdict"). However, a defendant may expressly waive his right to be present at trial. *U.S. v. Fontanez,* 878 F.2d 33, 36 (2d Cir.1989) and *Taylor v. U.S.,* 414 U.S. 17, 20, (1973). As with other constitutional rights, waiver of the right to be present "must be both knowing and voluntary." *Cohen v. Senkowski,* 290 F.3d 485, 491 (2d Cir. 2002); *see also U.S. v. Gaskin,* 2024 WL 812361 (D.Conn., Feb. 25, 2024)(Defendant allowed to waive presence for jury trial after he submitted written waiver to do so); and *Siguenza v. Uribe,* 2023 WL 9686723 (C.D.Ca., Aug. 9, 2023)(Defendant's waiver of presence during readback of testimony to jury was valid as to second readback). In many circumstances, a defendant's absence from, or refusal to

4

participate in, some or all of the trial may operate as a knowing and voluntary waiver. *See, e.g., Taylor,* 414 U.S. at 20 (upholding waiver of right to be present where a criminal defendant failed to return to trial and fled after a lunch recess, even without any express statement by the court that the trial would proceed in his absence); *Crosby v. U.S.,* 506 U.S. 255, 259-61 (1993)(a non-custodial defendant may waive his right to be present by not showing up after the trial has begun); *U.S. v. Tortora,* 464 F.2d 1202, 1208 (2d Cir.1972) (finding that the "deliberate absence of a defendant who knows that he stands accused in a criminal case and that the trial will begin on a day certain" constituted a knowing and voluntary waiver); *U.S. v. Durdley,* 2023 WL 7547591 (11th Cir., Nov. 14, 2023) (Defendant knowingly and voluntarily waived his presence at trial after he refused to stop disrupting the Court); and *Collins v. Artus,* 2009 WL 6371625 (S.D.N.Y., May 11, 2009) (Defendant's request to remain in cell due to illness was an effective waiver of his right to be present during jury verdict).

      Here, the Defendants have been advised of their right to be physically present at the verdict in this matter. They further assert that this motion shall serve as the Defendants' written and express waiver of physical presence for the verdict in this matter. As such, they knowingly and voluntarily waive their right to be physically present at the reading of the bench trial verdict.

      In sum, the Defendants request the Court allow them and their counsel to appear via video pursuant to FRCrP 43. The Defendants would be afforded all the protections via video that they would enjoy in person for the reading of the verdict. Should the Court determine that video appearance is not allowed pursuant to FRCRP 43, the Defendants voluntarily and knowingly waive their right to be present in person for the verdict.

WHEREFORE, for the foregoing reasons, the Defendants respectfully request the Court grant their motion and allow them and counsel to attend via video the verdict of the bench trial of this matter.

/s/ Chastity R. Beyl
Assistant Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, Kentucky 40202
(502) 584-0525

Counsel for Defendant Joseph Irwin

/s/ Aaron Dyke
Assistant Federal Defender
200 Theatre Building
629 Fourth Avenue
Louisville, Kentucky 40202
(502) 584-0525

Counsel for Defendant Joseph Irwin

/s/ Matthew Campbell
Office of the Federal Public Defender
1336 Beltjen Rd., Suite 202
St. Thomas, USVI 00802
Tel: (340) 774-4449
Email: Matt_Campbell@fd.org
Counsel for Defendant John Joseph Richter

## **CERTIFICATE**

I hereby certify that on March 21, 2024, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the attorneys of record.

/s/ Chastity R. Beyl