UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 21-cr-589 (RDM) |
| | : | |
| JOSEPH IRWIN, | : | |
| JOHN JOSEPH RICHTER, | : | |
| | : | |
| **Defendants.** | : | |

## GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this Response in Opposition to defendant Richter's Motion to Strike, ECF No. 188, joined also by defendant Irwin, ECF No. 189.

On September 11, 2024, the government filed a response to the defendants' motion for judgment of acquittal. ECF No. 165. In that motion, the government indicated that the elements for Count One that the Court considered at trial were incorrect, amounting to reversible error, following the Supreme Court's decision in *Fischer v. United States*. Thus, the government requested that the Court vacate the defendants' convictions on Count One. *Id.* at 5.

On October 24, 2024, the government filed a notice with the Court, clarifying its position with regard to Count One and indicating that the government was prepared to seek retrial on Count One. ECF No. 173. As such, although a sentencing date was docketed, the government did not expect the date to hold, given the anticipated retrial on Count One.

On November 14 and 15, 2024, undersigned counsel consulted with the Probation Office regarding the PSR.[1] At this juncture, the Probation Office informed the government that it would

---

[1] Government counsel and the Probation Office consulted several times regarding the draft PSR since May 2024 about the changes in circumstances of the case following *Fischer*.

1

proceed with the draft PSR with the convictions as they stand, notwithstanding that the government had moved to vacate the defendants' Count One convictions.

On November 15, 2024 and November 18, 2024, the Probation Office filed Draft Presentence Investigation Reports for Richter and Irwin, respectively. *See* ECF No. 177, 178. In the reports, the Probation Office calculated the Guidelines Calculation inclusive of the defendants' convictions under Count One. The government did not respond to the reports, because it had already moved to vacate Count One and, thus, *all parties* expected the guidelines calculation to change.

On November 22, 2024, the parties met for a status conference. At this time, the Court orally vacated defendants' Count One convictions. Following the vacatur, the government requested that the Court order the Probation Office to update the PSR to reflect the current charges. The Court ordered so. The government inquired whether, if it did not seek retrial on Count One, the sentencing date of December 20, 2024 would remain. The Court answered in the affirmative, and neither defense counsel objected.

On November 25, 2024, the government informed the Court that "it does not intend to pursue a retrial against either defendant" on Count One. *See* Minute Order (11/25/2024); ECF No. 179 (Government's Notice). Following that notice, the Court entered a Minute Order vacating the defendants' convictions under 18 U.S.C. § 1512(c)(2), and ordering sentencing to proceed on the remaining counts, "as previously scheduled." Minute Order (11/25/2024). The Court ordered the government to file its sentencing memorandum on or before December 16, 2024, and provided the defendants until December 17, 2024 to file their sentencing memorandum. Minute Order (11/26/2024).

On December 12, 2024, the Probation Office filed the Final Presentence Investigation Reports and Sentencing Recommendations for both defendants. ECF Nos. 184, 185.

Four days later, on December 16, 2024, the government filed its Sentencing Memorandum. ECF No. 186.

The defendants have now filed a motion to strike certain portions of the government's timely-filed Sentencing Memorandum. ECF No. 188. They also request a continuance of the December 20, 2024 sentencing if the Court does not strike the requested portions, citing inadequate time to prepare and respond to the legal arguments in the government's memorandum. In support, they argue that the government did not raise objections to the Draft PSR.

The Court should **deny** this motion.

*First*, although Federal Rule of Criminal Procedure 32 sets forth a deadline for parties to object to a PSR, that same rule contemplates that a court may permit a party, for good cause, to make a new objection "at any time before sentence is imposed." Fed. R. Crim. P. 32(i)(1)(D). Thus, it is widely recognized that trial courts maintain full discretion to permit untimely objections to a PSR. *See United States v. Pedraza*, Case No. 4:15-cr-00164-01-KGB, 2019 WL 7000091, at *3 (W.D. Ark. Jan. 14, 2019) (permitting late objections because the government did not demonstrate prejudice and it had been afforded an "adequate opportunity" to respond in writing, even where the untimely party had "no explanation" and when the objection "could have been raised when [an] earlier version of the PSR issued") (quoting *United States v. Lindsey*, 827 F.3d 733, 736 (8th Cir. 2016)).

Here, good cause exists to permit late-filed objections and/or to consider the government's memorandum. Notably, the defendants disingenuously omit the following crucial fact: as explained above, the Draft PSR to which they refer reflected a different set of charges and

convictions than the ones on which these defendants will be sentenced this Friday; in fact, the government specifically raised the erroneous nature of the Draft PSR on the record during the November 22, 2024 hearing, which necessitated the Court's November 22, 2024 Minute Order following that hearing. That Minute Order stated as follows: "It is hereby ORDERED that the Probation Office shall, on or before December 13, 2024, **file a final presentence report for each Defendant that reflects the vacatur of Defendants' convictions under 18 U.S.C. 1512(c).** It is further ORDERED that the government shall file its sentencing memoranda on or before December 16, 2024; Defendants shall file their memoranda on or before December 17, 2024." (Emphasis added).

Thus, by November 22, 2024, all parties were on notice that the prior Draft PSR would be corrected and supplanted by the Final PSR, which Probation would release by December 13, 2024. Therefore, there was no reason, by December 2, 2024, for the parties to object to what was already an obsolete Draft PSR. The defendants also fail to account for the extra day that the Court afforded the defense beyond the government's December 16 deadline to file their own sentencing memoranda, meaning the Court contemplated that the defendants may wish to respond to certain government arguments in their own memoranda, and would be able to do so by receiving the government's memorandum before the defendants' own filing deadline.

Both defendants were fully apprised of this schedule during the last status conference, including the deadline for the Final PSR, and neither defendant objected. Thus, the government should not be faulted for not responding to an incorrect Draft PSR and then complying with the agreed-upon schedule. In fact, that schedule required the government to set forth its proposed guidelines calculations (in its sentencing memorandum) just a few days after the issuance of the amended PSR, which is far quicker than is typically permitted. The factual circumstances of this

case thus constitute "good cause" for the situation as it stands. Also, as mentioned above, the government has communicated in good faith with the Probation Office since the defendants were convicted after trial. Thus, the government's lack of adherence to the Draft PSR response deadline (caused by the unique posture of this case) has certainly not risen to the level of inexcusable neglect.

*Second*, the Court should consider the government's sentencing memorandum because there is no prejudice to the defendants here. Courts routinely permit parties to file late objections to PSRs, so long as the "defendant is afforded an adequate opportunity to respond . . . ." *Id.*; *see also United States v. Perez-Ruiz*, 421 F.3d 11, 17 (1st Cir. 2005) (finding no prejudice where the prosecution first raised objections to sentencing calculations on the day of the sentencing hearing but where the defendant had an opportunity to argue against the new calculations). Indeed, courts have generally held that "any possible prejudice to [a defendant] from the government's failure to object to the original [report is] cured by the adequate opportunity . . . to oppose." *Id.* (quoting *United States v. Soto-Beniquez*, 356 F.3d 1, 52 (1st Cir. 2004); *United States v. Young*, 140 F.3d 453, 457 (2d. Cir. 1998)).

In this case, the Court permitted the defendants time to respond to the government's sentencing memorandum and, notably, both defendants took advantage. Although the defense initially argued that they did not have adequate time to respond to the government's guidelines calculations, both defendants ultimately filed their sentencing memoranda and were able to respond fully to the government's arguments. *See* ECF 190 (Richter) at 18, 19, 20, 21, 22, 23, 24, 25, 30; ECF No. 191 (Irwin) at 7, 8, 9, 10). Given that "[t]he reason for the fourteen-day filing requirement is 'so that the objections can be addressed and investigated prior to the sentencing hearing," *Pedraza*, 2019 WL 7000091, at *3 (quoting *United States v. May*, 413 F.3d 841, 849

(8th Cir. 2005)), and given parties demonstrated that they had sufficient time to address objections in writing here, there is no basis to further continue this case.

What's more, although defendant Richter objects to arguments made in the government's memorandum related to facts or calculations not made in response to the Draft PSR, defendant Richter does the same thing in his sentencing memorandum. There, Richter changed his position regarding his financial circumstance in an attempt to avoid paying a fine, which is the same purported malfeasance he accuses the government of performing. *See* ECF 190 at 30 n.14.[2]

The government respectfully opposes the motion, as the request is unnecessary, any prejudice has been cured by an opportunity to respond in writing, and the Court can hear from the parties regarding any additional argument on the guidelines or facts at the sentencing hearing.

                    MATTHEW M. GRAVES
                    United States Attorney
                    D.C. Bar No. 481052

BY:    /s/ *Ashley Akers*
           ASHLEY AKERS
           Senior Trial Counsel
           Capitol Siege Section Detailee
           MO Bar No. 69601
           601 D Street, N.W.
           Washington, D.C. 20530
           202-353-0521
           Ashley.Akers@usdoj.gov

           SAMANTHA MILLER
           Special Assistant U.S. Attorney
           MATTHEW VIGEANT
           Assistant U.S. Attorney

---

[2] The only difference being the government's memorandum was already filed by the time Richter made his change, and, thus, the government did not have the same opportunity to respond as Richter did. However, because the sentencing hearing is not scheduled until the end of the week, counsel certainly has adequate time to prepare in advance of the hearing.